UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINALD G. McFADDEN,

                Petitioner,

    v.

GEORGE PATAKI, et al.,

                Respondents.

Case No. 06-CV-13330 (KMK) (PED)

ORDER ADOPTING REPORT AND
RECOMMENDATION

KENNETH M. KARAS, District Judge:

      Reginald G. McFadden ("Petitioner") filed a petition for a writ of habeas corpus on November 20, 2006, pursuant to 28 U.S.C. § 2254, challenging his September 7, 1995 judgment of conviction in New York State Supreme Court, Rockland County. Petitioner was convicted of three counts of rape in the first degree (New York Penal Law § 130.35(1)), one count of burglary in the first degree (New York Penal Law § 140.30(2)), one count of robbery in the first degree (New York Penal Law § 160.15(1)), one count of aggravated sexual abuse in the first degree (New York Penal Law § 130.70(1)(a)), one count of assault in the second degree (New York Penal Law § 120.05(1)), and one count of grand larceny in the fourth degree (New York Penal Law § 155.30(1)). Petitioner was sentenced to consecutive indeterminate terms of from twelve-and-one-half to twenty-five years in state prison on the three first degree rape counts, which terms run concurrently with an indeterminate term of from two to four years on the fourth degree grand larceny count and another concurrent term of from three to six years on the second degree assault count. In total, his indeterminate sentence is to run from 37-and-one-half to 75 years. (*See* Resp.

Ex. YY at 3.)[1]

The Court referred this case to Magistrate Judge Mark D. Fox, pursuant to 28 U.S.C. § 636(b), and the case was reassigned to Magistrate Judge Paul E. Davison. (Dkt. Nos. 10, 34). Magistrate Judge Davison issued a Report and Recommendation ("R&R") concluding that the Court should deny the Petition. (Dkt. No. 59.) The R&R notified Petitioner of his right to file objections to the R&R, (R&R 51–52), but none were filed.

A district court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007). Under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), parties may submit objections to a magistrate judge's report and recommendation. The objections must be "specific" and "written," and they must be made "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1)(c).

"[W]here a party does not submit an objection, a district court need only satisfy itself that there is no clear error on the face of the record." *Donahue*, 2007 WL 831816, at *1 (internal quotation marks omitted). In addition, a party's failure to object will waive that party's right to challenge the report and recommendation on appeal. *See FDIC v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995) ("Our rule is that 'failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.'" (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989))).

---

[1] On May 27, 1999, on remand from the Appellate Division, the trial court clarified the sentence, but its substance was not altered. (*See* Resp. Ex. YY at 9.)

As noted, Petitioner has not filed objections to the R&R. Accordingly, the Court has reviewed the R&R under the clear error standard. In so doing, the Court has construed Petitioner's pro se pleadings liberally to raise the strongest arguments that they suggest. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Triestman v. Fed. Bureau of Prisons*, 420 F.3d 421, 424 (2d Cir. 2006) (per curiam). The Court finds no clear error in the R&R and therefore adopts its conclusions in their entirety.

Magistrate Judge Davison's 52-page R&R is thorough, and the Court can add little to the discussion. Indeed, the Court should note that the mere act of deciphering Petitioner's submissions is no easy task. The federal courts have created a form for pro se habeas petitioners to use, pursuant to the Rules Governing Section 2254 Proceedings. *See* "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody," *available at* http://www.nysd.uscourts.gov/file/forms/petition-under-28-usc-sect-2254-for-writ-of-habeas-corp us-by-a-person-in-state-custody. But Petitioner chose not to use this form or follow its general contours, as he is required to do. *See* Rules Governing Section 2254 Proceedings, Rule 2(d) ("The [habeas] petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."). Instead, as the R&R describes, Petitioner has submitted several different filings totaling hundreds of pages, with no clear organizational structure. (R&R 2–4 & n.3.) These filings include excerpts of exhibits that are unmarked or incomplete, as well as strings of unconnected quotations from a variety of sources. The receipt of these kinds of submissions, which help neither the Court nor habeas petitioners themselves, is precisely what Rule 2 of the Rules Governing Section 2254 seeks to prevent. *See* Rules Governing Section 2254 Proceedings, Rule 2, Advisory Committee Notes (explaining that Rule 2 was drafted because, before the rule, "lengthy and often illegible petitions, arranged in no logical

3

order, were submitted to judges who have had to spend hours deciphering them."). Still, the R&R

does an admirable job of discerning any possible claims contained in the filings and then

construing the strongest arguments they suggest.

On the merits, Petitioner's ineffective assistance claims perhaps merit just a brief

elaboration. As noted in the R&R, Petitioner proceeded pro se with standby counsel for the

course of the trial, though he also had more traditional legal assistance at certain points in his

case, including at a suppression hearing. (R&R 39.) What the R&R does not explain at much

length — because it need not — is just how unequivocal Petitioner's request to proceed pro se

was, and also how clear it is that counsel was not deficient at the various points when Petitioner

was represented.

During an extended colloquy with the trial judge, Petitioner explained at length his

reasons for proceeding pro se. He stated:

> Well, the defense in — which I was to put forward requires a human side
> more than a legal side. . . . I seek to pro se for reasons that I — if there is a part of
> my life — there's a part of my existence that — that must be conveyed to the
> jury. . . . I'm not deluded by any blind faith belief in either my innocence or guilt.
> My reasons for this application is not to lay some kind of false foundation, force a
> future appeal for lack of representation. . . . So, my reason for going pro se is
> purely my desire, my choice, to carry my own banner. And if I'm to go back to
> prison, I'd rather go back under my own banner than, perhaps, someone else's.

(5/22/1995 Tr. at 16–17.) It is difficult to imagine a more unequivocal statement of a defendant's

desire to represent himself. This statement and ensuing colloquy complied fully with the U.S.

Supreme Court's statement in *Faretta v. California*, 422 U.S. 806 (1975), that while a "defendant

need not himself have the skill and experience of a lawyer in order competently and intelligently

to choose self-representation, he should be made aware of the dangers and disadvantages of

self-representation, so that the record will establish that he knows what he is doing and his choice

4

is made with eyes open." *Id.* at 835 (internal quotation marks omitted); *see also Clark v. Perez*, 510 F.3d 382, 394–95 (2d Cir. 2008) ("A defendant therefore has a constitutional right to waive the right to assistance of counsel and present [his or] her own defense pro se, if the decision is made 'knowingly and intelligently.'" (quoting *Faretta*, 422 U.S. at 835)). Thus, there is nothing in the New York state courts' denial of any relief to Petitioner on this claim that would entitle him to federal relief under 28 U.S.C. § 2254.

Further, when Petitioner did have assistance of counsel, that counsel ably represented Petitioner despite overwhelming evidence against him. The trial court ruled for Petitioner on one of his requests to suppress evidence that resulted from an invalidly postponed arraignment. (Resp. Ex. L at 56.) On direct appeal, where Petitioner was aided by counsel but also filed a supplemental *pro se* brief, Petitioner's conviction on the kidnapping count was reversed because it was "incidental to the rape" and so merged with the rape count under New York law. *People v. McFadden*, 692 N.Y.S.2d 393, 394 (App. Div. 1999). In sum, there is nothing in the record to indicate that, when Petitioner was represented by counsel, any of his counsel met either prong of the *Strickland* ineffectiveness test. *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Thus, here too the New York courts' denial of any relief was not an unreasonable application of clearly established law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d).

The remaining claims are denied for the reasons stated in the R&R.

Accordingly, it is hereby

ORDERED that the Report and Recommendation dated April 6, 2011, is ADOPTED in its entirety. It is further

ORDERED that the petition is dismissed with prejudice. It is further

5

ORDERED that because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, *see* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–12 (2d Cir. 2000), and the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal, *see Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  It is further

ORDERED that the Clerk of the Court is respectfully directed to enter a judgment in favor of Respondent and to close this case.

SO ORDERED.

Dated:        March ⊥, 2013
              White Plains, New York

                                        KENNETH M. KARAS
                                        UNITED STATES DISTRICT JUDGE

6